UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONALD L. PRILL, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

Case No. 1:14-CV-1334

HON. ROBERT J. JONKER

## **OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Donald L. Prill, Jr. seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged

with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 52 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 8, 167.) He graduated high school, and was previously employed as a janitor/lead person, and counter clerk in photo finishing. (Tr. 57, 83–84.) Plaintiff applied for benefits on July 5, 2011, alleging that he had been disabled since March 21, 2011, due to back injury, diabetes, depression, PTSD, high blood pressure, anxiety, fragments in upper back from gun shot in July 1996, heart attack with three stents in the right coronary, sleep apnea, and high cholesterol. (Tr. 167–68,

190.) Plaintiff's application was denied on October 4, 2011, after which time he requested a hearing before an ALJ. (Tr. 97–104.) On January 23, 2013, Plaintiff appeared with his counsel before ALJ Donna Grit for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 51–87.) A supplemental hearing was held on May 3, 2013. (Tr. 27–50.) In a written decision dated May 24, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 8–26.) On October 29, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 1–6.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a

---

[1] 
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC).  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Grit determined Plaintiff's claim failed at the fourth step of the evaluation.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (Tr. 13.)  At the second step in the sequential evaluation, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative changes at L5–S1; and (2) obesity with weight loss (BMI now under 30). (Tr. 13.)  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 15.)  At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to lift/carry 50 pounds up to three times an hour and 25 pounds frequently; can sit for six hours and stand and walk in combination for six hours in an eight-hour day; no work at unprotected heights; and can frequently balance, stoop, crouch, and crawl.

(Tr. 15.)

Continuing with the fourth step, the ALJ determined that Plaintiff was capable of performing his past relevant work as a janitor/lead person and as a counter clerk. (Tr. 20.)  Having

4

made her disability determination at step four, the ALJ ended her analysis and concluded that Plaintiff was not disabled under the meaning of the Act. (Tr. 20–21.)

## DISCUSSION

Plaintiff's Statement of Errors raises several issues for review that the Court has reordered to coincide with the sequential evaluation process:

1. The ALJ committed reversible error by finding that Plaintiff's depression and anxiety were not severe impairments;

2. The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physicians;

3. The ALJ committed reversible error by failing to assign proper weight to the RFC study which was performed by a physical therapist; and

4. The ALJ committed reversible error by failing to follow the accurate testimony of the vocational expert.

(ECF No. 15, PageID.614.) The Court will discuss the issues below.

**1.    Step Two.**

Plaintiff argues that the ALJ should have determined at step two of the five step analysis that Plaintiff's depression and anxiety were severe impairments and that the ALJ's failure to do so was not supported by substantial evidence. (ECF No. 15, PageID.617–18.) A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health &Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute

reversible error. *Id.* The ALJ found that Plaintiff had two severe impairments: degenerative changes at L5-S1 and obesity with weight loss. (Tr. 13.) Because the ALJ did find severe impairments at step two of the analysis, it is "legally irrelevant" that Plaintiff's depression and anxiety were not also designated as a "severe impairment." *McGothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008).

Plaintiff seems to believe that because the ALJ did not determine that Plaintiff's depression and anxiety were "severe" impairments at step two, the ALJ did not consider evidence of these impairments in calculating Plaintiff's RFC at step four. However an ALJ is required to consider both severe and non-severe impairments when determining a Plaintiff's RFC, and the ALJ appears to have done so in this case. (Tr. 13) (citing 20 C.F.R. § 404.1520(e)) (noting that the ALJ must consider both severe and non-severe impairments in determining a claimant's residual functional capacity). Accordingly, Plaintiff's claim is rejected.

### 2. Medical Opinions.

In determining Plaintiff's RFC, the ALJ considered several medical opinions in the record. A review of Plaintiff's brief shows that Plaintiff claims the ALJ erred in her treatment of the opinions from Dr. Randolph Russo, Lynne Beals PAC & Dr. David Maskill, physical therapist James Towns, and Dr. Ramin Rashimi. (Tr. 18–19.) The thrust of Plaintiff's claim is that the ALJ gave too little weight to the opinions of those who concluded Plaintiff was more limited than that found in the RFC, and too much weight to those opinions that were consistent with the RFC. The Court only partially agrees.

*A.     Dr. Randolph Russo.*

On May 4, 2009, Dr. Russo filled out a "Return to Work / School / Play" worksheet for Plaintiff and opined that Plaintiff had permanent restrictions. Specifically, Dr. Russo stated that Plaintiff could lift up to fifty pounds in an eight hour shift. (Tr. 521.) Dr. Russo also stated that Plaintiff should avoid "heavier lifting, repetitive bending or heavier lifting in a bent posture." (Tr. 522.) In October 2010, Dr. Russo opined that Plaintiff should continue with the permanent restrictions. (Tr. 519.) The ALJ discussed Dr. Russo's opinion in her decision and gave it "significant weight." (Tr. 18.) However in the RFC, the ALJ found that Plaintiff was less restricted than that found by Dr. Russo, specifically finding that Plaintiff could lift up to fifty pounds for three times an hour, rather than a shift. (Tr. 15.) The ALJ did not explain this inconsistency.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It appears undisputed that Dr. Russo qualifies as a treating physician.

The deference accorded to such opinions is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating

physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

Defendant concedes that Dr. Russo's opinion and the RFC do not match. (ECF No. 16, PageID.630.) Defendant argues, however, that any error is harmless as it does not detract from the ultimate conclusion that Plaintiff is able to perform past relevant work. This is so, Defendant claims, because the VE testified that an individual who could lift only twenty pounds occasionally could still perform the duties of Plaintiff's past work as generally performed. (ECF No. 16, PageID.630, Tr. 84–85.)

While the ALJ's failure to give good reasons for not crediting a treating physician's opinion generally "does not constitute harmless error," there are situations in which the ALJ's

violation of the procedural requirement of § 404.1527(c)(2) may be harmless error. As the Sixth Circuit explained:

> That is not to say that a violation of the procedural requirement of § 1527(d)(2) [now § 1527(c)(2)] could never constitute harmless error. We do not decide the question of whether a *de minimis* violation may qualify as harmless error. For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) [now § 1527(c)(2)] may not warrant reversal. *Cf. NLRB v. Wyman–Gordon*, 394 U.S. 759, 766 n.6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"). There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant. Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2) [now § 1527(c)(2)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation . . .

*Wilson*, 378 F.3d at 547. The Court concludes that this is not one of those situations where harmless error applies. The ALJ gave "significant weight" to Dr. Russo's opinion, but failed to incorporate the opinion into the RFC. An ALJ "must articulate, at some minimum level, [her] analysis of the evidence to allow the appellate court to trace the path of [her] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Based on this record, the Court cannot trace the path of the ALJ's reasoning, and accordingly will vacate and remand the Commissioner's decision. On remand, the ALJ should reevaluate Dr. Russo's decision.

### B.   Ms. Lynne Beals, PA–C & Dr. David Maskill

On April 3, 2013, certified physician's assistant Lynne Beals filled out a worksheet regarding Plaintiff's physical RFC. While declining to opine on Plaintiff's physical limitations, the

9

assistant stated that Plaintiff would need an option to sit or stand at will, would miss work two or more days a month or be tardy three or more days a month, and would require at will breaks. (Tr. 533.) The statement was cosigned by Dr. David Maskill. (Tr. 533.) The ALJ gave the opinion "little weight" because "the opinions given by Ms. Beals are not consistent with the records showing the claimant walked for exercise and had limited objective findings on the majority of physical exams. (Tr. 19.)

As an initial matter, it is not clear whether this opinion is subject to the treating physician doctrine as the opinion was merely cosigned by Dr. Maskill and seemed primarily to be the opinion of the nurse practitioner. A nurse practitioner is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a); *see also Turner v. Astrue*, 390 F. App'x 581, 586 (7th Cir. 2010). However a "team" opinion that is signed both by a nurse practitioner and a physician may qualify as a treating physician's opinion "when there is evidence demonstrating that the statement presented to the ALJ represented the opinions of a team effort, or that the medical facility used a team approach to a claimant's . . . treatment." *Borden v. Comm'r of Soc. Sec.*, No. 1:13CV2211, 2014 WL 7335176, at *9 n.2 (N.D. Ohio Dec. 19, 2014) (citing *Ceballos v. Astrue*, 2009 WL 2475472, *7–9 (D. Kan. Aug. 12, 2009). The Court finds such evidence here. Dr. Maskill, for example, signed some of the treatment notes, and was of the same practice as the physician's assistant. (Tr. 303, 313.) Based on this record, the Court finds the opinion to be a team opinion subject to the treating physician doctrine.

As an opinion subject to the treating physician doctrine, the ALJ was required to give "good reasons" for giving the opinion only little weight. *Gayheart*, 710 F.3d at 376. The ALJ has done so in this case. Plaintiff stated that he walked for exercise and physicians told him to increase

his activity. (Tr. 281, 303, 323, 460, 462.) Moreover objective examinations revealed limited findings. An x-ray examination on April 1, 2011, revealed only mild degenerative changes in Plaintiff's lumbar spine, which the examining physician found to be consistent with Plaintiff's age. (Tr. 529.) An April 18, 2011, MRI on Plaintiff's spine found a bulging disc at L5-S1, but no significant effect on the thecal sac or traversing nerve roots. (Tr. 287.) In short, substantial evidence supports the ALJ's decision to give less than controlling weight to the opinion.

### C. Mr. James Towns

On April 3, 2013, physical therapist James Towns opined that Plaintiff was more limited than that found by the ALJ. (Tr. 540.) Specifically, the therapist stated that Plaintiff could not stand or sit for more than fifteen minutes continuously. He could not walk for more than 0.1 miles, push, pull, crouch, reach with his right arm, climb stairs, crouch, stoop, kneel with both knees, and crawl. (Tr. 540.) The ALJ gave the opinion "little weight" noting that Mr. Towns was not an acceptable source, and was inconsistent with the objective medical evidence. (Tr. 19.) The Court finds no error. A therapist is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d)(1). There is no "treating therapist rule," and the opinion of a therapist is not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See* Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, SSR 06–3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of a therapist fall within the category of

11

information provided by "other sources." *See* 20 C.F.R. § 404.1513(d)(1). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *see Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). This is not a demanding standard. It was easily met here. The ALJ found that the restrictions suggested by Mr. Towns were not supported by the objective medical record. As noted above, this conclusion is supported by substantial evidence. The ALJ applied the correct legal standards and her factual findings are supported by more than substantial evidence. Accordingly, the ALJ did not err. For the same reason, Plaintiff's third claim of error is also denied.

D. Dr. Ramin Rahimi.

On April 23, 2013, Dr. Rahimi filled out a worksheet regarding Plaintiff's physical RFC. The doctor found that Plaintiff was further limited than that found the ALJ. Among other things, Dr. Rahimi stated Plaintiff could only lift up to ten pounds occasionally, could bend, stoop, reach overhead, push, pull and climb stairs occasionally, never squat, crawl, or kneel, and would need an at will option to stand and sit, as well as take unscheduled breaks. (Tr. 535–36.) The ALJ gave the opinion "limited weight" as it was "not consistent with the primary care notes that generally did not indicate[] significant problems with the claimant's back, the medical opinions of Dr. Russo or Dr. Lawley, or the fact that during a March 2013 appointment Dr. Rahimi encouraged the claimant to exercise more." (Tr. 19.) It appears uncontested that Dr. Rahimi qualifies as a treating physician. As noted above, objective scans revealed generally mild results. It was also not in error for the ALJ to consider the inconsistency between the severe limitations Dr. Rahimi believed Plaintiff had and

the doctor's encouragment for Plaintiff to exercise more. Accordingly, substantial evidence supports the ALJ's decision to give less than controlling weight to the opinion.

### 3. VE Testimony

At the administrative hearing, the ALJ posed a hypothetical incorporating the RFC to the VE. The VE testified that a person similar to Plaintiff could return to the past work as counter clerk. (Tr. 84.) Plaintiff argues the ALJ erred in her decision, however, by stating that the VE also testified that Plaintiff could return to his past work as a janitor. (Tr. 20.).

Social Security regulations allow an ALJ to rely on VE testimony at step four to determine whether a plaintiff is able to perform past work. 20 C.F.R. § 404.1560(b)(2). Such testimony will be considered substantial evidence supporting that determination "'only if that [hypothetical] question accurately portrays [the plaintiff's] individual physical and mental impairments.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Parley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987)); *see also Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, at *3 (6th Cir. 2010) (citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)) ("As long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony to find that the [plaintiff] is able to perform a significant number of jobs."). Had the VE been responding to an accurate hypothetical, the ALJ's err in the decision would have been harmless, as the err did not affect the ultimate conclusion that Plaintiff could return to past relevant work. However, as noted above, the ALJ's RFC, and thus the hypothetical, was not accurate as it did not incorporate the limitations it purported to adopt. Therefore substantial evidence does not support a conclusion that Plaintiff can return to his past work. Accordingly, on remand the Commissioner should also determine whether Plaintiff can return to his past work.

### 4. Remand is Appropriate.

Plaintiff asks for an award of benefits. (ECF No. 15, PageID.619.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 F. App'x at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled.

### CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is vacated and this matter remanded for further factual proceedings under sentence four of 42 U.S.C. § 405(g).

Dated:      February 8, 2016              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE